930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Linda A. OLSON, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 91-3006.
 United States Court of Appeals, Federal Circuit.
 March 11, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ms. Linda Olson appealed the decision of the Merit Systems Protection Board (Board), No. DE04329010117 (August 31, 1990). The Board upheld Ms. Olson's removal from her position as a GS-4 secretary at Peterson Air Force Base in Colorado. This court affirms.
 
 
 2
 The Air Force Space Command at Peterson AFB employed Ms. Olson as a GS-4 secretary. In July 1989, Ms. Olson's supervisor found her performance unsatisfactory in five critical performance elements. Ms. Olson's supervisor gave her 90 days to improve. Additionally, the supervisor gave Ms. Olson detailed instructions about acceptable performance standards. Throughout the 90-day period, the supervisor counseled Ms. Olson.
 
 
 3
 After the 90-day term, Ms. Olson's supervisor found two critical elements of her performance still unsatisfactory and proposed her removal*. Ms. Olson was removed on December 4, 1989. Ms. Olson appealed to the Board. After a hearing, the administrative judge affirmed the Air Force's removal decision. The Board denied Ms. Olson's petition to review the initial decision because it failed to meet the criteria for review in 5 C.F.R. Sec. 1201.115 (1990). Thus, the Initial Decision became final on August 31, 1990 and reviewable by this court as a judgment of the Board. 5 C.F.R. Sec. 1201.113. Ms. Olson appeals.
 
 
 4
 The Board found: the typing performance standard was valid; the agency gave Ms. Olson a reasonable opportunity to improve her performance; the agency showed substantial evidence of Ms. Olson's unsatisfactory performance during the improvement period. The Board additionally found that the agency did not err by refusing to allow petitioner additional time to respond to the notice of proposed removal.
 
 
 5
 The administrative judge found Ms. Olson's supervisor's testimony on her unsatisfactory performance credible. Credibility determinations by presiding fact-finders are virtually unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Ms. Olson's supervisor testified that approximately half of Ms. Olson's typing assignments contained unwarranted errors. He further testified that Ms. Olson failed to complete work in a timely manner.
 
 
 6
 The record contains ample evidence to support the Board's findings. Under the standard of review set forth in 5 U.S.C. Sec. 7703(c)(3), this court affirms the Board's judgment.
 
 
 
 *
 The areas of continued unsatisfactory performance were Element 2E of Ms. Olson's Performance Plan (typing/editing/work prioritization) and Element 3E (outgoing correspondence accuracy)